AMY, Judge.
LThe plaintiff filed a petition for specific performance, alleging that he and the defendant executed a contract for the purchase of property and that the defendant breached that contract. The defendant filed a motion for summary judgment in response, denying the execution of the contract. The trial court granted the motion for summary judgment, dismissing the plaintiffs claims. The plaintiff appeals. We affirm.
Factual and Procedural Background
The plaintiff, Carl Moss, alleges that he entered into a contract to purchase immovable property from the defendant, Ronald Gifford, on December 16, 2006 and that he made a $100.00 payment toward the purchase of the property. He contends that the following day the defendant attempted to “back-out of the purchase.”
The plaintiff and his mother filed an initial complaint in Lake Charles City Court advancing their claim of a valid contract and seeking “$2,000.00 in damages for breach of agreement and being removed from said property plus for the original agreement of the sale to be maintained with legal interest and all costs of court.” The plaintiff also filed a petition in the Fourteenth Judicial District Court, again asserting the existence of a contract for the purchase of the property and seeking its enforcement, damages, and court costs. The trial court treated the matters as consolidated.
In response to the plaintiffs claim, the defendant filed a motion for summary judgment, denying the existence of a contract of sale and supporting the 'motion with the following documents: 1) Exhibit A, a typewritten “Buy/Sell Agreement”; 2) Exhibit B, a $100.00 personal check; 8) Exhibit C, a handwritten document bearing a “Buy/Sell Agreement” notation; and 4) Exhibit D, the affidavit of the defendant ^denying the execution of the buy-sell agreement. Although the record does not contain a formal opposition to the motion for summary judgment filed by the plaintiff, it contains his subsequently filed affidavit wherein he asserted that the handwritten document constituted a buy-sell agreement.
At the hearing on the motion for summary judgment, the defendant’s attorney presented the exhibits listed above, noting that the typewritten agreement does not bear the signature of either party and that, although the plaintiff presented the defendant with a $100.00 check, it was not negotiated. Thus, the defendant asserted there was no written contract for the subject property. With reference to Exhibit C, the handwritten document, the defendant’s counsel explained that the document was a receipt for the $100.00 check which had not been negotiated. As in his affidavit, the plaintiff argued that the handwritten document constituted a valid buy-sell agreement.
The trial court found in favor of the defendant, noting that the handwritten document contained the defendant’s signature only at the top of the document in connection with the $100.00 check, and did not contain the defendant’s signature after the remainder of the document. The trial court granted the defendant’s motion for summary judgment, dismissing the plaintiffs claims.
The plaintiff appeals.
Discussion
The plaintiff argues that genuine issues of material fact exist with regard to whether the handwritten document, the plaintiffs Exhibit C, is a valid buy-sell agreement. See Appendix A (as it appears in the record and as attached to the plaintiffs affidavit filed in Lake Charles City Court).
*106 ^Louisiana Code of Civil Procedure Article 966(B) instructs that a summary judgment “shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” An appellate court reviews a summary judgment de novo, using the same criteria that governed the trial court’s consideration of the motion below. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544. Having reviewed the parties’ submissions under this standard, we find that the trial court correctly entered summary judgment.
The defendant, as the movant on the motion for summary judgment, alleged that the plaintiff would be unable to prove the existence of a valid buy-sell agreement. See La.Code Civ.P. art. 966(C)(2). The defendant also presented documents surrounding the alleged sale. The plaintiff does not argue that the typewritten, but unsigned, buy-sell agreement constitutes a valid contract as it was not signed by either party. Further, the insufficiency of the document is confirmed by reference to La.Civ.Code art. 2440, which provides that “[a] sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839 [1].”
| ¿The defendant also presented the handwritten document relied upon by the plaintiff. However, we find that, on its face, the handwritten document is insufficient as a buy-sell contract for immovable property. The defendant’s signature is contained only as an acknowledgment of a receipt of a check. The receipt itself lacks specificity with regard to the terms of any underlying contract. Significantly, the defendant’s signature is not contained beneath the subsequent, “buy/sell” portion of the document.
In addition to the particular requirement for a sale of an immovable, we note that La.Civ.Code art. 2439, which provides the general definition of a sale, indicates that “[t]he thing, the price, and the consent of the parties are requirements for the perfection of a sale.” Again, given the placement of the signatures, the element of consent as to all of the elements contained thereunder is lacking.
The plaintiff presented no further factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proving a valid contract of sale between the parties for the property in question. See La.Code Civ.P. art. 966(C)(2).
For these reasons, the trial court properly granted the defendant’s motion for summary judgment.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assigned to the appellant, Carl Moss.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.
*107 Jl
[[Image here]]

. Article 1839 provides:
A transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath.
An instrument involving immovable property shall have effect against third persons only from the time it is filed for registry in the parish where the property is located.